UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Plaintiffs #1-21, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE COUNTY OF SUFFOLK; SUFFOLK COUNTY POLICE DEPARTMENT; COMMISSIONER EDWARD WEBBER, individually and in his official capacity; SUPERVISORY JOHN DOE DEFENDANTS, individually and in their official capacities; LIEUTENANT MILAGROS SOTO, individually and in her official capacity; SCOTT GREENE, individually and in his official capacity; OFFICER BRIDGETT DORMER, individually and in her official capacity; JOHN DOE DEFENDANTS, individually and in their official capacity,<br><br>    Defendants. | Case No.: 2:15-cv-02431 (WFK) (LB) |

### PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' ANSWER TO COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT SCOTT GREENE

    Plaintiffs,[1] by and through their undersigned attorneys, hereby answer Defendant Scott Greene's Counterclaim (the "Counterclaim") as follows:[2]

    1.    Plaintiffs deny the allegations in Paragraph 1, except admit that between April 29, 2015, and May 18, 2015, Plaintiffs in the above-captioned action (the "Action") filed the following documents: Summons in a Civil Action [ECF No. 2], Complaint [ECF No. 1], Plaintiffs' Notice

---

[1] Pursuant to the Stipulation of Voluntary Dismissal as to Plaintiff 21, so ordered by the Court on November 11, 2018, Plaintiff 21 is no longer a party to this litigation. *See* ECF No. 157.

[2] Plaintiffs deny all allegations in the counterclaim that are not expressly admitted herein.

of Motion to Proceed Anonymously [ECF No. 7], Proposed Order Granting Plaintiffs' Motion to Proceed Anonymously [ECF No. 7-1], Declaration of Nancy M. Trasande in Further Support of Plaintiffs' Motion to Proceed Anonymously [ECF No. 9], Notice of Filing First Amended Complaint [ECF No. 21-2], First Amended Complaint [ECF No. 21], and Redline Version of First Amended Complaint [ECF No. 21-1], copies of which were personally served on Defendant Scott Greene on May 19, 2015.

2. Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, Plaintiffs respectfully refer the Court to the filings in this Action, specifically Plaintiffs' Amended Complaint filed on May 18, 2015 [ECF No. 21], for a complete and accurate statement of their contents. Plaintiffs otherwise deny the allegations in Paragraph 2.

## AFFIRMATIVE AND OTHER DEFENSES

By alleging the Affirmative and Other Defenses set forth below, Plaintiffs intend no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Defendant Scott Greene is entitled to any relief whatsoever.

### First Defense

Defendant Scott Greene's counterclaim is barred because the Counterclaim fails to state a claim upon which relief can be granted.

### Second Defense

Defendant Scott Greene's counterclaim is barred in whole or in part by applicable statutes of limitations and/or statutes of repose.

### Third Defense

The allegations made by Plaintiffs in this Action were absolutely and/or qualifiedly privileged.

### Fourth Defense

Defendant Scott Greene's counterclaim is barred in whole by the absolute litigation privilege and/or the doctrine of qualified immunity under New York Law.

### Fifth Defense

The allegations made by Plaintiffs in this Action were within the sphere of legitimate public interest and concern and were reasonably related to matters warranting public exposition.

### Sixth Defense

To the extent that Defendant Scott Greene's counterclaim can be read as one for slander or libel, it is barred, in whole or in part, because (a) Defendant Scott Green cannot demonstrate that the allegations made by Plaintiffs in this Action are false; (b) Defendant Scott Green cannot demonstrate that the allegations made by Plaintiffs in this Action were made negligently or with actual malice; (c) Defendant Scott Greene cannot demonstrate that he experienced an injury or actual damages as a result of the allegations made by Plaintiffs in this Action; and (d) Defendant Scott Greene cannot demonstrate that the allegations made by Plaintiffs in this Action were defamation *per se*.

### Seventh Defense

Defendant Scott Greene's Counterclaim fails because the allegations made by Plaintiffs in this Action, which are the subject of the Counterclaim and are based on the Statement of Facts in the Complaint and Amended Complaint, are true or substantially true.

### Eighth Defense

Damages alleged to have been sustained by Defendant Scott Greene, if any, were caused by Defendant Scott Greene's own culpable conduct.

### Ninth Defense

Defendant Scott Greene's counterclaim is barred because Defendant Scott Greene has not suffered any losses or damages proximately caused by the conduct alleged in the Counterclaim.

### Tenth Defense

Defendant Scott Greene's counterclaim is barred in whole or in part because Defendant Scott Greene failed to mitigate any damages he may have suffered.

### Eleventh Defense

To the extent Defendant Scott Greene seeks exemplary or punitive damages, Defendant Scott Greene is not entitled to any such damages and any such relief would violate Plaintiffs' constitutional rights.

### Twelfth Defense

Defendant Scott Greene is not entitled to recovery of attorneys' fees or experts' fees, or costs of suits, as a matter of law.

### Thirteenth Defense

Defendant Scott Greene's counterclaim is barred to the extent he seeks equitable relief because Defendant Scott Greene has an adequate remedy at law.

### Fourteenth Defense

Defendant Scott Greene's counterclaim is barred in whole or in part by the doctrines of estoppel, unclean hands, and/or in pari delicto.

Fifteenth Defense

Plaintiffs intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to assert such defenses.

Reservation of Rights

Plaintiffs have insufficient knowledge or information upon which to form a basis as to whether they may have additional, as yet unstated, affirmative or additional defenses available. Plaintiffs have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to raise additional affirmative defenses as they become known to them through discovery in this matter. Plaintiffs further reserve the right to amend their Answer and/or affirmative defenses and other additional defenses accordingly and/or to delete affirmative defenses or other additional defenses that they determine are not applicable during the course of subsequent discovery. Finally, Plaintiffs reserve the right to add affirmative or additional defenses to any claims or allegations that are not in the current Counterclaim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs deny that they are liable to Defendant Scott Greene for any amount and pray as follows:

1. That the Court dismiss the Counterclaim with prejudice;
1. That the Court enter judgment in favor of Plaintiffs;
2. That Defendant Scott Greene has, takes, and recovers nothing against Plaintiffs by virtue of his Counterclaim herein;
3. That this Court award Plaintiffs their costs, attorneys' fees and expenses in the amount and manner permitted by applicable law; and

4. That this Court grant Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: June 19, 2019

Respectfully submitted,

LATINOJUSTICE PRLDEF

By: */s/* Jose Perez
Juan Cartagena
Jose Perez
Esperanza Segarra
Jorge Vasquez
475 Riverside Drive, Suite 1901
New York, NY 10115
Tel: (212) 219-3360
Fax: (212) 431-4276
jcartagena@latinojustice.org
jperez@latinojustice.org
esegarra@latinojustice.org
jvasquez@latinojustice.org

MILBANK LLP

By: */s/* Atara Miller
Atara Miller
Mark D. Villaverde
55 Hudson Yards
New York, NY 10001
(212) 530-5000
amiller@milbank.com
mvillaverde@milbank.com

*Attorneys for Plaintiffs*