# COUNTY OF SUFFOLK



**STEVE BELLONE**
SUFFOLK COUNTY EXECUTIVE

**DENNIS M. COHEN**
COUNTY ATTORNEY

**DEPARTMENT OF LAW**

March 25, 2022

**<u>VIA ECF</u>**
The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Plaintiffs #1-21 v. County of Suffolk, et al.*, Docket No.:15-cv-2431(WFK)(LB)

Dear Judge Bloom:

County Defendants[1] write this letter in opposition to plaintiffs' motion pursuant to Fed. R. Civ. P. 26(b) and 37(a) for an order re-opening discovery for the purpose of compelling production of certain documents prepared by Michael Caldarelli ("Caldarelli"), materials related to these documents and for a limited scope deposition of Edward Webber ("Webber"). Plaintiffs claim that the County Defendants improperly withheld these documents from them during discovery.

County Defendants never improperly withheld documents from the plaintiffs. The Internal Affairs files referenced in the *Newsday* Article[2] were requested by the plaintiffs subsequent to the deposition of Caldarelli. At that time, County Defendants objected to their production, and plaintiffs did not pursue the exchange of these records any further, nor did they move to compel production. The subject of other documents referenced in the article were also testified to extensively by Caldarelli at his deposition. Notwithstanding, plaintiffs only requested documents authored by Caldarelli wherein he disagreed with the IAB findings and conclusions in investigative files.

On December 21, 2017, plaintiffs questioned Caldarelli, for close to six hours.[3] During this deposition, Caldarelli testified that he was told that he was being placed in IAB to, *inter alia*, address concerns that substantiated IAB cases were decided past the eighteen-month period for which they could discipline officers. *See* Ex. 1, pp. 17-21. Additionally, Caldarelli explained that at IAB, he was "substantiating too many allegations in some people's minds." *See* Ex. 1, p. 197, lines 8-9. He testified that his relationship with Webber was initially good, but "[i]t became strained." *See* Ex. 1, pp. 196-197. Caldarelli felt that "[w]ell basically, I think the real wedge finally came with another case totally unrelated to this one." *See* Ex. 1, pp. 198, lines 2-6.

---

[1] This Office represents the County of Suffolk, former Suffolk Police Commissioner Edward Webber, and Lieutenant Milagros Soto, defendants in the above referenced action. ("County Defendants"). This action has dismissed without prejudice against Officer Bridgett Dormer. ECF No. 322
[2] *See* plaintiffs' Exhibit A, ECF No. 339-1 p. 7 ¶6.
[3] The relevant transcript excerpts of the deposition of Michael Caldarelli are annexed hereto as Exhibit 1.

Caldarelli testified as follows:

There was a significant case …, and I found significant problems with the people's conduct involved and I reported as much. Sometime after I submitted the case, I received a phone call from Webber. He informed me that he did not agree with my conclusions. He made it sort of a collective like we've reviewed your case and we don't agree with it. He said he was going to have chief Madigan who was the Chief of Detectives at that time discuss the problems with the case and the changes that they wanted made. *See* Ex. 1, p. 199, lines 12-25.

Caldarelli further testified that he refused to make the changes requested of him and that Webber assigned Chief William Madigan ("Madigan") to discuss it with him. *See* Ex. 1, p. 199, lines 12-25. Webber "said to me something like, all right Mike, I don't want to make you do anything you don't want to do, I'll put something on it or –" *Id*. Caldarelli explained that "they were bosses, if they wanted to overrule me, they could." *See* Ex. 1, p. 273, lines 13-15. Caldarelli testified that Madigan told him to come to his office to go over the case; that Madigan disagreed completely with him, and that he though Kelly Lynch, the investigator on the case "got it right" and was "spot on". *See* Ex. 1, pp. 289-296. He testified that Madigan handed him his report with voluminous notes on the nine-page document. *Id.* This report is exactly what is referred to in the *Newsday* article and was nothing unknown to the plaintiffs.

At his deposition, Caldarelli was asked if he ever documented his "perceived mistreatment" to anyone, and he testified that he never wrote any internal memos or letters, but that "I have one report that I think I mentioned earlier where a chief had basically overruled my findings, and I think that the tone and tenor of that is very illustrative." *See* Ex. 1, p. 282.

Caldarelli also testified about the McDonnell[4] case - the in-custody death case cited in the *Newsday* article, where Webber expressed concerns with his finding. As such, plaintiffs were aware of this matter as well. *See* Ex. 1, pp. 285-289.

After Caldarelli's deposition, plaintiff requested documentation relative to his deposition, including their Document Requests 25 and 26, which sought "Any and all documents authored by Inspector Michael Caldarelli in which Caldarelli expressed any form of disagreement with the IAB findings or conclusions of superior SCPD members both in the IAB and outside of it," and "All IAB reports authored by Inspector Michael Caldarelli containing edits, deletions, or notations made by Chief of Detectives William Madigan, including the IAB report Inspector Michael Caldarelli retained containing notations from Chief Madigan." Former Assistant County Attorney, Kyle Wood objected to the production of these reports as they were not relevant to biased policing of Latinos in Suffolk County and had no bearing on alleged discriminatory treatment of Latinos within Suffolk County. Plaintiffs were well aware of the existence of these documents and Caldarelli's testimony concerning these documents was very clear. Defendants objected both at the deposition and after the deposition, to the relevance of the subject documents. Plaintiffs chose not to pursue them further or move to compel. Fact discovery has now been closed for over two years - since February 6, 2020 when "the parties confirmed there are no outstanding issues." ECF No. 233.

---

[4] During his testimony Caldarelli was unsure as to the name of the case and called is O'Donnell or O'Connell instead of McDonnell and was confusing it with the last name of the Assistant County Attorney, Megan O'Donnell that represented him at the deposition.

Moreover, plaintiffs chose not to depose Webber even though he is a named defendant despite knowledge of Caldarelli's testimony that IAB was allegedly understaffed, allegations from Caldarelli that he was looked unfavorably for substantiating too many cases, and Webber's involvement in the two aforementioned IAB cases. There is nothing contained within the *Newsday* article that was unknown to the plaintiffs as early as 2017 when Caldarelli was deposed.

Additionally, in plaintiffs' own words, the plaintiffs "injuries all arose from a widespread practice of unjustified stops of Latinos by SCPD officers, a practice enabled and encouraged by SCPD's deliberate indifference to the rights of Latinos in Suffolk County, and its failure to supervise its officers to prevent bias policing." *See* ECF No. 302 at *8. The documents in question are not relevant to the issues presented and are not proportional to the needs of the case, as they are not related to biased policing or discriminatory treatment of Latinos.

A district court has "broad discretion to direct and manage the pre-trial discovery process." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir.2004). "A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Leong v. 127 Glen Head, Inc.* No 13-cv-5528, 2016 WL 845325 at 1 (E.D.N.Y. Mar. 2, 2016); *see also Moroughan v. County of Suffolk*, 320 F.Supp.3d 511, 514 (E.D.N.Y. 2018). "A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir.2003). The moving party must show that even if it had exercised diligence, it could not have met the deadline set by the court. *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05 Civ. 3749(KMW) (DF), 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009); *Wade v. North American Asset Servs., LLC*, No. 12CV1111 (ARR), 2013 WL 593470, at *2 (E.D.N.Y. Feb. 14, 2013) ("In determining whether a party has been diligent in seeking the requested discovery, courts consider what information 'the party knew, or should have known,' in advance of the deadline sought to be extended." (*quoting Sokol Holdings*, 2009 WL 2524611, at *8)).

Although "the primary consideration is whether the moving party can demonstrate diligence," *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir.2007), other factors that courts in this Circuit have considered in determining whether to modify a scheduling order by reopening discovery include "(1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the non-moving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether further discovery is likely to lead to relevant evidence." *Jeannite v. City of N. Y. Dep't of Buildings*, No. 09 Civ. 3464(DAB)(KNF), 2010 WL 2542050, at *2 (S .D.N.Y. June 21, 2010).

A weighing of the aforementioned factors heavily favors the County Defendants. As previously stated, the materials sought are not relevant, and plaintiffs knew of the issues and documents discussed in the *Newsday* article, but did not pursue them or move to compel their production. Moreover, the trial for this matter has been scheduled for August 15, 2022 with the joint pre-trial order and motions *in limine* due April 29, 2022 and May 27, 2022 respectively. Reopening discovery would affect these deadlines set by the Court. Moreover, County Defendants would be severely prejudiced in searching their databases for ESI related to Caldarelli and Webber. County Defendants already searched the emails of Webber using the agreed-upon eighty (80) search terms and produced over twenty thousand pages of documents. *See* ECF No. 184. Plaintiffs did not name Caldarelli as one of the email custodians that County Defendants later agreed to search despite their knowledge of the issues he raised during his testimony in 2017. Searching Caldarelli's ESI would be severely prejudicial to County Defendants in both cost and time.

For the foregoing reasons, County Defendants respectfully ask the Court to deny plaintiffs' request in its entirety.

Respectfully submitted,

Dennis M. Cohen
Suffolk County Attorney

/s/ *Brian C. Mitchell*
Brian C. Mitchell
Dana L. Kobos
Christiana Stover McSloy
Assistant County Attorneys
SUFFOLK COUNTY ATTORNEY'S OFFICE
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788
Tel: (631) 853-4045
Brian.Mitchell@suffolkcountyny.gov
Dana.Kobos@suffolkcountyny.gov
Christiana.McSloy@suffolkcountyny.gov