April 26, 2022

The Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Plaintiffs #1-21 v. County of Suffolk, et al.*, Case No. 15-cv-2431 (E.D.N.Y.)

Dear Judge Kuntz:

Plaintiffs respectfully submit this letter requesting a pre-motion conference pursuant to Your Honor's Individual Motions and Rules III.B.3. Plaintiffs seek permission to move the Court pursuant to Fed. R. Civ. P. 12(c) to dismiss Defendant Scott Greene's counterclaim against Plaintiffs with prejudice. Defendant Greene's counterclaim is legally baseless and is substantially different in nature from the other claims that will be heard at trial. Plaintiffs' request for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) will promote judicial efficiency and will streamline the issues that require a jury finding.[1]

Defendant Greene filed his answer to the Amended Complaint (ECF No. 21) on May 29, 2019. ECF No. 176. In his answer, Greene stated the counterclaim for slander against Plaintiffs based **solely** on the allegations made in the Amended Complaint. Although Greene alleges the tort of slander, which is for oral utterings rather than written words, this letter assumes the Court will liberally interpret Greene's *pro se* allegations as a defamation claim.

As a matter of law, Plaintiffs' statements in the Amended Complaint are absolutely privileged and cannot provide a basis for defamation liability. *See, e.g.*, *Kaye v. Trump*, 58 A.D.3d 579, 873 N.Y.S.2d 5 (1st Dep't 2009) (statements made in complaint absolutely privileged). The absolute privilege for statements made in the course of judicial proceedings is an ancient and undisturbed axiom. *See, e.g., Yates v. Lansing*, 5 Johns 282, 291 (N.Y. 1810) ("[Absolute privilege] is to be found in the earliest judicial records, and it has been steadily maintained by an undisturbed current of decisions."); *see also Brown v. Maxwell*, 929 F.3d 41, 52 (2d Cir. 2019) ("[A]bsolute immunity from liability for defamation exists for oral or written statements made in connection with a proceeding before a court"). Even accepting the allegations in Defendant Greene's counterclaim as true, since the Amended Complaint is absolutely privileged, the statements therein, as a matter of law, cannot form the basis of a claim for defamation. Defendant Greene's counterclaim should be dismissed with prejudice since no set of facts can support a claim that would entitle him to relief.

Moreover, even if the absolute privilege did not apply (it does), Defendant Greene has not stated a claim upon which relief can be granted. In a complaint for defamation, damages must be plead with sufficient specificity or noted as *per se*. *See, e.g., Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 335 (S.D.N.Y. 2010) ("[G]eneral defamation claim for an award of $750,000 in damages for loss of compensation and financial harm does not come close to meeting the New York standard for

---

[1] Plaintiffs are cognizant of the fact that the Court has referred this matter to mediation and are hopeful that the process will result in settlement or a narrowing of the issues for trial. Because trial is less than four months away, however, Plaintiffs are seeking permission to file this motion now so that, if authorized, the Court will have sufficient time before trial to consider the motion.

specificity."). Defendant Greene's counterclaim is devoid of factual allegations and damage designations. It merely alleges "slanderous and damaging" statements. For the foregoing reasons, Defendant Greene's counterclaim should be dismissed with prejudice.

Respectfully submitted,

_/s/ Atara Miller_
MILBANK LLP
Atara Miller
Katherine Kelly Fell
Samantha Lovin
55 Hudson Yards
New York, NY 10001
(212) 530-5000
amiller@milbank.com
kfell@milbank.com
slovin@milbank.com

LATINOJUSTICE PRLDEF
Jose Perez
Ghita Schwarz
Nathalia Varela
475 Riverside Dr.
New York, NY 10115
(212) 219-3360
jperez@latinojustice.org
gschwarz@latinojustice.org
nvarela@latinojustice.org

_Attorneys for Plaintiffs_