IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

PLAINTIFFS #1-21, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

COUNTY OF SUFFOLK; SUFFOLK COUNTY POLICE DEPARTMENT; EDWARD WEBBER, individually and in his official capacity; MILAGROS SOTO, individually and in her official capacity; SCOTT GREENE, individually and in his official capacity; BRIDGETT DORMER, individually and in her official capacity; SUPERVISORY JOHN DOE DEFENDANTS, individually and in their official capacities; and JOHN DOE DEFENDANTS, individually and in their official capacities,

    Defendants.

Case No.: 2:15-cv-02431-WFK-LB

---

**PLAINTIFFS #1-21'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF
<u>JOSEPH CARROLL, MELISA BLISS, AND UNIDENTIFIED WITNESSES</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

I. The ADA Witnesses' Testimony Should be Precluded ....................................................... 3

    A. County Defendants Failed to Disclose the ADA Witnesses .................................. 3

    B. Preclusion Under Federal Rule of Civil Procedure 37 Is Appropriate ................... 6

i. The ADA Witnesses' Testimony Is Not Important ............................................................. 7

ii. Plaintiffs Would Suffer Significant Prejudice if the ADA Witnesses Are Allowed to Testify ................................................................................................................................... 9

iii. Continuance Is Not a Desirable Solution .......................................................................... 12

II. County Defendants Should Be Precluded from Offering Testimony of Unidentified Witnesses at Trial ............................................................................................................... 12

III. In the Alternative, Plaintiffs Should Be Given the Opportunity to Immediately Depose These Witnesses and County Defendants Should Pay for Plaintiffs' Fees and Expenses 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arista Records LLC v. Lime Group LLC*,
No. 06-CV-5936 KMW, 2011 WL 1642434 (S.D.N.Y. Apr. 20, 2011) ...................................11

*Capitol Records, LLC v. Escape Media Grp., Inc.*,
No. 12-CV-6646 AJN, 2015 WL 1402049 (S.D.N.Y. Mar. 25, 2015)......................................5

*Cary Oil Co. v. MG Refining & Mktg., Inc.*,
257 F. Supp. 2d 751 (S.D.N.Y. 2003)....................................................................................10

*Design Strategy, Inc. v. Davis*,
469 F.3d 284 (2d Cir. 2006)......................................................................................................6

*EMI Music Mktg. v. Avatar Records, Inc.*,
334 F. Supp. 2d 442 (S.D.N.Y. 2004)......................................................................................9

*Emmpresa Cubana del Tabaco v. Culbro Corp.*,
213 F.R.D. 151 (S.D.N.Y. 2003) ............................................................................................12

*Flannigan v. Vulcan Power Grp., LLC*,
642 F. App'x 46 (2d Cir. 2016) ..............................................................................................13

*Kullman v. New York*,
No. 07-CV-716 GLS, 2009 WL 1562840 (N.D.N.Y. May 20, 2009) ..........................7, 11, 12

*Lebada v. N.Y.C. Dep't of Educ.*,
No. 14-CV-758 LAK, 2016 WL 626059 (S.D.N.Y. Feb. 8, 2016) .........................................14

*Pace v. Air & Liquid Sys. Corp.*,
171 F. Supp. 3d 254 (S.D.N.Y. 2016)..............................................................................12, 13

*Pal v. New York University*,
No. 06-CV-5892 PAC, 2008 WL 2627614 (S.D.N.Y. June 30, 2008)....................................12

*Patterson v. Balsamico*,
440 F.3d 104 (2d Cir. 2006)......................................................................................................6

*Paulus v. Holimont, Inc.*,
315 F.R.D. 13 (W.D.N.Y. 2016).........................................................................................7, 13

*Raymond v. Mid-Bronx Haulage Corp.*,
No. 15-CV-5803 RJS, 2017 WL 1251137 (S.D.N.Y. Mar. 31, 2017).....................................14

*Simon v. City of New York*,
   No. 14-CV-8391 JMF, 2017 WL 57860 (S.D.N.Y. Jan. 5, 2017) ...................................... 11, 14

*Triola v. Snow*,
   No. 01-CV-1603 DLI, 2010 WL 5335104 (E.D.N.Y. Dec. 21, 2010) ..................................... 15

*United States v. Bilzerian*,
   926 F.2d 1285 (2d Cir. 1991) .................................................................................................. 10, 11

*United States v. Town of Oyster Bay*,
   No. 14-CV-2317 GRB, 2022 WL 34586 (E.D.N.Y. Jan. 3, 2022) (Locke,
   Mag. J.) ..................................................................................................................................... 10, 11

## Other Authorities

Federal Rule of Civil Procedure 26 ....................................................................................... *passim*

Federal Rule of Civil Procedure 37 ...................................................................................... 6, 14-15

N.Y. C.P.L.R. 3101(d)(2) ............................................................................................................... 11

Plaintiffs #1-20 ("Named Plaintiffs") respectfully submit this Memorandum of Law in support of their motion to exclude the proposed testimony of Suffolk County Assistant District Attorneys Joseph Carroll and Melisa Bliss, and any unidentified witnesses that Defendants County of Suffolk ("Suffolk County"), Suffolk County Police Department ("SCPD"), Commissioner Edward Webber, Deputy Chief Milagros Soto, Supervisory John Doe Defendants, and John Doe Defendants (collectively, the "County Defendants") intend to call at trial.

## PRELIMINARY STATEMENT

In County Defendants' pre-trial order, they identified for the first time two trial witnesses as well as still unidentified witnesses they intend to call "for impeachment purposes and/or as may be warranted in response to the plaintiffs' direct case as the need arises." (ECF No. 347 at 27.) County Defendants' belated disclosure and purported reservation of right to present unidentified witnesses at trial is a violation of Federal Rule of Civil Procedure 26 that cannot be justified at this late stage.

The two new witnesses named by County Defendants for the first time in their proposed pre-trial order are Suffolk County Assistant District Attorneys Joseph Carroll and Melisa Bliss (the "ADA Witnesses"). These individuals were involved in the prosecution of Defendant Scott Greene for his stop-and-rob scheme against Named Plaintiffs and others. County Defendants have surely been aware of their existence since the beginning of this case. Although Plaintiffs were generally aware of Carroll and Bliss and their involvement in the criminal prosecution of Greene, Plaintiffs had no reason to believe that County Defendants intended to rely on these witnesses at trial. Indeed, until recently, County Defendants' position appeared to be that the ADA Witnesses did not have any admissible testimony, as evidenced by the fact that the County Defendants withheld as privileged every document responsive to Plaintiffs' document requests authored by the ADA Witnesses.

The testimony for which the ADA Witnesses are being offered is also entirely irrelevant or unimportant. The County Defendants assert that the ADA Witnesses will testify "for purposes of impeachment or rebuttal" regarding the prosecution of Defendant Greene and their interactions with Named Plaintiffs in the aftermath of Greene's arrest, including with respect to U-Visa applications. Numerous other witnesses with greater relevance to this matter—such as Defendant Soto—can testify regarding the investigation and prosecution of Defendant Greene. Testimony regarding how the ADA Witnesses treated Named Plaintiffs when they were assisting the County in its prosecution of Greene is irrelevant to any of the County Defendants' defenses in this case.

Regarding the County Defendants' assertion in their PTO that they "reserve their right" to "offer any other individual identified in police paperwork, previously furnished during discovery" for "impeachment purposes and/or as may be warranted in response to the plaintiffs' direct case as the need arises," ECF No. 347 at 26, there is no legal basis for this request. It is the definition of "sandbagging" that is prohibited by Rule 26. If County Defendants are still unsure, after seven years of litigating this matter, what witnesses they will rely on at trial, any prejudice in precluding these witnesses is properly borne by them. Plaintiffs should not be burdened with surprise witnesses at trial.

Plaintiffs respectfully request that the Court preclude testimony from the ADA Witnesses and any still as yet unidentified witnesses at trial. In the alternative, Plaintiffs request that the Court order County Defendants to promptly identify any unidentified witnesses and produce those witnesses and the ADA Witnesses for deposition. Plaintiffs further request that the Court order that these depositions occur promptly without any continuance of the trial schedule, and that Defendants pay Plaintiffs' reasonable costs incurred in connection with this motion and those depositions.

**ARGUMENT**

I.  **The ADA Witnesses' Testimony Should be Precluded**

   A.  **County Defendants Failed to Disclose the ADA Witnesses**

Federal Rule of Civil Procedure 26(a)(1)(A)(i) provides that:

> a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

Fed. R. Civ. P. 26(a)(1)(A)(i). To the extent a party determines after its initial disclosures that additional witnesses exist, Rule 26 further requires the party to "supplement or correct its disclosure or response . . . in a timely manner." Fed. R. Civ P. 26(e)(1)(A).

County Defendants served their initial disclosures on February 5, 2016. *See* Ex. A[1] (Defendants' Initial Disclosures). This document did not identify the ADA Witnesses as individuals likely to have discoverable information that County Defendants may use to support their claims, let alone as witnesses that might be called at trial. County Defendants also did not provide any supplemental disclosures identifying the ADA Witnesses as witnesses they may call at trial. County Defendants have surely been aware of the ADA Witnesses' existence ever since the criminal prosecution of Greene. In Plaintiffs' First Set of Document Requests, served on February 15, 2016, Plaintiffs requested any "interview notes" or "memoranda" "made or obtained by Defendant Suffolk County, including the Suffolk County District Attorney and SCPD or any of its employees, from any person relating to any act, circumstance, or event concerning the investigation, prosecution, or sentencing of Sgt. Scott A. Greene." Ex. B (Plaintiffs' First Set of

---

[1] Unless otherwise indicated, citations to "Ex. __" refer to exhibits to the Declaration of Katherine F. Fell, filed contemporaneously herewith.

Document Requests, Feb. 15, 2016) at 23. In response, the County Defendants indicated that the District Attorney's Office had withheld approximately 1500 pages of trial notes taken during the course of the Greene criminal trial on the basis of privilege. Ex. C (Defendants' Second Supplemental Response to Plaintiffs' First Set of Document Demands, Dec. 23, 2016) at 8. Based on the failure to identify the ADA Witnesses as persons with potentially discoverable evidence, and the wholesale withholding of all responsive documents in their files, Plaintiffs did not seek to depose them.

Despite having years of discovery to supplement their initial disclosures, County Defendants waited until March 25, 2022 to announce their intention to call the ADA Witnesses at trial when they exchanged their first draft of their portion of the proposed joint pre-trial order. *See* Ex. D (County Defendants' Initial Joint Pre-Trial Order) at 6 (stating their intention to call "Assistant District Attorney Joseph Carroll regarding the sting operation and the prosecution of Scott Greene" and "Assistant District Attorney Melisa Bliss regarding the sting operation and the prosecution of Scott Greene"). After Plaintiffs objected to these witnesses, County Defendants amended their description of their expected testimony in the final Proposed Joint Pre-Trial Order. *See* ECF No. 347. In the final Proposed Joint Pre-Trial Order, County Defendants stated that the ADA Witnesses are:

> expected to testify ***for purposes of impeachment or rebuttal*** regarding the sting operation and prosecution of Defendant Greene and [the ADA Witnesses'] role in helping certain Named Plaintiffs with their U-Visa applications, along with communications between [the ADA Witnesses] and members of LatinoJusticePLRDEF [sic] relative to the criminal cases against Defendant Greene and interactions with the Named Plaintiffs as they related to Named Plaintiffs' claimed damages.

ECF No. 347 at 25 (emphasis added).

Insofar as County Defendants take the position that they were not required to supplement their initial disclosures because the ADA Witnesses are only expected to offer "impeachment or rebuttal" testimony, County Defendants' argument must fail. Although it is true that Rule 26(a)(1)(A)(i) excuses the disclosure requirement for witnesses whose testimony would be used "solely for impeachment," County Defendants' description of the anticipated testimony makes clear that it is affirmative evidence that the County Defendants intend to solicit at trial. The characterization of the testimony as "impeachment" appears designed to circumvent preclusion for its failure to timely disclose the ADA Witnesses. *See, e.g.*, *Capitol Records, LLC v. Escape Media Grp., Inc.*, No. 12-CV-6646 AJN, 2015 WL 1402049, at *28 (S.D.N.Y. Mar. 25, 2015).

In *Capitol Records*, defendant submitted a declaration in support of its motion opposing summary judgment that was executed by a fact witness, Kowalski, who was not previously disclosed to plaintiff under Rule 26. Defendant claimed that the testimony was offered to rebut or impeach the testimony of plaintiff's expert, Horowitz, which was directed at defeating defendant's affirmative defense. The court found that "[t]he Kowalski Declaration is submitted as evidence in support of [defendant's] affirmative defense and to attempt to establish a dispute of material fact. Nothing in the Kowalski Declaration is offered to cast doubt on Horowitz's *credibility* and thus is not offered for impeachment purposes." *Id.* The court went on to note that "rebuttal" evidence is not exempt from Rule 26's disclosure requirements, unless it is belated rebuttal expert testimony under Rule 26(a)(2)(D)(ii). *Id.* Because Kowalski was not being presented as an expert, the court found defendant had "not provided a valid explanation for why it did not include Kowalski in its initial disclosures under Rule 26." *Id.*

Similarly, here, nothing in the proposed testimony of the ADA Witnesses goes to the credibility of Plaintiffs. Testimony about the investigation and prosecution of Defendant Greene

does not go to the credibility of Plaintiffs and is a topic about which many other witnesses can testify. *See infra*. Based on representations made by opposing counsel in meet-and-confer conversations and the positions they have taken throughout this litigation, we expect the County Defendants to argue that they wish to introduce the ADA Witnesses to rebut Named Plaintiffs' claims of damages or harm by showing they were treated in a non-discriminatory manner by the County once they were identified as victims of Greene.[2] This is insufficient. County Defendants have been aware of Plaintiffs' theory of the case for many years. If they wished to designate witnesses to rebut Named Plaintiffs' theory of harm, they should have done so before the eve of trial.

### B. Preclusion Under Federal Rule of Civil Procedure 37 Is Appropriate

Where a party fails to comply with its Rule 26 disclosure obligations, that party may be prohibited from using "that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A decision to exclude testimony under Rule 37(c)(1) is based on "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alterations in original) (citation and internal quotation marks omitted). It is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir.

---

[2] Because the scheduling order does not contemplate replies, Plaintiffs are anticipating certain arguments that the County Defendants will raise in opposition. In the event that they raise additional arguments, Plaintiffs reserve the right to request leave from the court to file a reply.

2006). A "substantial justification" means that there is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Paulus v. Holimont, Inc.*, 315 F.R.D. 13, 17 (W.D.N.Y. 2016) (quoting *Kunstler v. City of New York*, 242 F.R.D. 261, 264-65 (S.D.N.Y. 2007)).

### i. The ADA Witnesses' Testimony Is Not Important

Under the second *Balsamico* factor, the ADA Witnesses' testimony is clearly unimportant to the County Defendants' case because it overlaps significantly with numerous other witnesses identified by County Defendants and would be cumulative. The ADA Witnesses are anticipated to testify regarding the sting operation and prosecution of Defendant Greene. County Defendants list four additional witnesses, including Defendant Soto, Lieutenant Donald Meyers, Lieutenant Christopher Corsino, and Sergeant David Tricamo, who are expected to testify "regarding the Scott Greene investigation." *See* ECF No. 347 at 24-26. Sergeant Tricamo is also expected to testify regarding the "sting operation leading to the arrest of Defendant Greene." *Id.* at 26. And the parties expect to call Defendant Greene himself. *See id.* at 20-21, 24. The testimony of the ADA Witnesses would be cumulative of the testimony of these other witnesses, and therefore of little importance to the County Defendants' case. *See Kullman v. New York*, No. 07-CV-716 GLS, 2009 WL 1562840, at *9 (N.D.N.Y. May 20, 2009) (precluding testimony that, although relevant, was only of "moderate importance" due to its cumulative nature). And, tellingly, County Defendants did not cite any evidence or offer any testimony from the ADA Witnesses at the summary judgment stage.

The only arguably unique topics identified for the ADA Witnesses to testify about are their roles "in helping certain Named Plaintiffs with their U-Visa applications" and their communications with "members of LatinoJusticePLRDEF [sic] relative to the criminal cases against Defendant Greene and interactions with the Named Plaintiffs as they related to Named

- 7 -

Plaintiffs' claimed damages." ECF No. 347 at 25. These topics are not relevant to the County Defendants' defenses at issue. How the ADA Witnesses treated Named Plaintiffs following Defendant Greene's victimization of them bears no relevance to whether the Suffolk County Police Department has engaged, and continues to engage, in discriminatory policing practices. The same is true for how engaged or helpful the ADA Witnesses were while communicating with LatinoJustice PRLDEF during the Scott Greene criminal cases. Plaintiffs' experience as a class is not limited to the stop-and-rob scheme Defendant Greene perpetuated against Named Plaintiffs. Furthermore, Plaintiffs' claims center around the discriminatory policing practices of the SCPD, not the conduct of the Suffolk County District Attorney's Office. Any marginal relevance is far outweighed by the prejudice suffered by Plaintiffs should the ADA Witnesses be allowed to testify. *See infra* Part I.B.ii.

Based on representations made by opposing counsel in meet-and-confer conversations and the positions they have taken throughout this litigation, we expect the County Defendants to argue that the proposed testimony is in service of County Defendants' theory that Defendant Greene was a lone actor, and that the County Defendants have no independent liability related to the Greene incidents or any other discrimination. This theory has been rejected by this Court and Magistrate Judge Bloom. *See* ECF No. 322 at 15 ("Plaintiffs' expert found that a statistically significant higher percentage of Latino motorists were ticketed and arrested compared to whites. The County Defendants have offered no innocent explanation of this statistically significant disparity. That traffic stop data thus provides evidence of discriminatory policing that went beyond the actions of Defendant Greene."); ECF No. 318 at 15 ("[T]hat one officer who was convicted of a crime has been removed from the force is an impossibly low bar for the County to claim that the SCPD has cured its discriminatory policies or practices. Greene's arrest neither releases the SCPD of any

potential wrongdoing in relation to its response or lack thereof to Greene's criminal conduct, nor does it address the persisting *department-wide* problems that plaintiffs detail in great length.").[3] Even if the County Defendants treated Plaintiffs appropriately in their capacity as victims of crimes and witnesses for the prosecution in the County's case against Defendant Greene, that does not absolve County Defendants of liability related to the Greene incidents, including—as Plaintiffs will show at trial—facilitating and enabling an environment that permitted racially-biased policing to flourish unchecked such that someone like Defendant Greene could openly engage in his discriminatory scheme, undetected, for years. The proposed testimony of the ADA Witnesses is therefore entirely unimportant.[4]

### ii. Plaintiffs Would Suffer Significant Prejudice if the ADA Witnesses Are Allowed to Testify

Plaintiffs would suffer significant prejudice if County Defendants are permitted to call the ADA Witnesses at trial. Although courts sometimes allow belated disclosure where the witness was "disclosed by [a party] in discovery or whose name[] appeared in documents produced by [a party]," *EMI Music Mktg. v. Avatar Records, Inc.*, 334 F. Supp. 2d 442, 445 (S.D.N.Y. 2004), the situation here is markedly different because County Defendants withheld ***every responsive document in their possession authored by the ADA Witnesses on the basis of privilege.*** Indeed, County Defendants' responses to Plaintiffs' document requests indicate that County Defendants

---

[3] *See also id.* at 15 n.33 ("While Greene was the only SCPD officer arrested and convicted for robbing Latinos during traffic stops, the Court takes no pleasure in noting that he was a *sergeant* and a 25-year veteran of the SCPD. Giving the SCPD the most generous benefit of the doubt, it challenges credulity no one in the SCPD had an inkling or a suspicion of Greene's activities. The egregious nature of his conduct and the fact that his actions persisted with impunity for years is shameful, especially because when complaints were made, had they been promptly and properly investigated, Greene would have been stopped.").

[4] Given the exceedingly doubtful relevance of the ADA Witnesses' proposed testimony regarding the U-Visa certification process, it raises the question of whether County Defendants are attempting to introduce through the ADA Witnesses evidence of Plaintiffs' actual immigration status. That is improper for the reasons set forth in Plaintiffs' Motion *In Limine* to Exclude Evidence and Argument Regarding Plaintiffs' Immigration Status, filed substantially simultaneously with this motion.

withheld *1500 pages* of notes taken by Assistant District Attorneys during the course of the criminal trial of Scott Greene. *See* Ex. C (Defendants' Second Supplemental Response to Plaintiffs' First Set of Document Demands, Dec. 23, 2016) at 9. County Defendants' productions do not appear to contain any other documents authored by the ADA Witnesses. Thus, while Plaintiffs were generally aware of the ADA Witnesses and their role in the prosecution of Defendant Greene, all indications from Defendants were that the ADA Witnesses had no relevant, *admissible* testimony for trial. Based on the failure to identify the ADA Witnesses as persons with potentially discoverable evidence, and the wholesale withholding of all responsive documents in their files, Plaintiffs did not press for their depositions.

It is a well-settled rule that "attorney-client privilege cannot at once be used as a shield and a sword. A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (internal citation omitted). "Consistent with these principles, federal district courts, including ones in this Circuit, have found that a party who stands behind its asserted attorney-client privilege, and refuses to produce the opinions of its counsel, is precluded from introducing the information at trial." *United States v. Town of Oyster Bay*, No. 14-CV-2317 GRB, 2022 WL 34586, at *3 (E.D.N.Y. Jan. 3, 2022) (Locke, M.J.) (citing *Cary Oil Co. v. MG Refining & Mktg., Inc.*, 257 F. Supp. 2d 751, 761 (S.D.N.Y. 2003); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, No. 93-CV-5298 LMM, 1996 WL 173138, at *4 n.1 (S.D.N.Y. Apr. 12, 1996); *W.L. Gore & Assocs., Inc. v. Tetratec Corp.*, No. 89-CV-3995, 1989 WL 144178, at *3 (E.D. Pa. Nov. 28, 1989)). When a party plans to introduce attorney-client privileged material at trial, the opposing party must be allowed to examine the information to conduct pre-trial discovery. *Id.*; *see also Cary Oil Co.*, 257 F. Supp. 2d at 761 (". . . Defendants cannot refuse to answer

questions regarding their internal discussions and negotiations with the CFTC while invoking those same communications in mounting a defense."). "As with the attorney-client privilege, a party asserting the attorney work product doctrine would be prevented from using the information at issue as evidence during trial." *Town of Oyster Bay*, 2022 WL 34586, at *4.

The prejudice to Plaintiffs is particularly high here because not only were Plaintiffs unaware that Defendants intended to rely on these witnesses, but County Defendants withheld all documents authored by them that could be used for cross-examination. It is difficult to believe that the ADA Witnesses do not intend to testify regarding any of the information in the 1500 pages of notes that the County Defendants withheld as privileged. This is the quintessential use of privilege as both a sword and a shield. Plaintiffs determined to respect the County Defendants' claim of work-product privilege and did not move to compel the production of the ADA Witnesses' documents. That decision surely would have been different had the County Defendants affirmatively identified the ADA Witnesses as persons likely to have discoverable evidence.[5] "In any event, a motion to compel is not a prerequisite to invoking the *Bilzerian* rule." *Arista Records LLC v. Lime Group LLC*, No. 06-CV-5936 KMW, 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011). The principal purpose of Rule 26's initial disclosure requirement "is to afford notice to opposing parties at the earliest possible time so that opposing parties may prepare to defend against such testimony by, for example, taking the depositions of such witnesses." *Kullman*, 2009 WL 1562840, at *5; *cf. Simon v. City of New York*, No. 14-CV-8391 JMF, 2017 WL 57860, at *6 (S.D.N.Y. Jan. 5, 2017) (noting the prejudice suffered by "not having had the opportunity to depose that witness, seek documents from him or her, or question other witnesses about the witnesses'

---

[5] In the context of attorney work product, materials are discoverable if the party seeking them demonstrates a substantial need. *See* N.Y. C.P.L.R. 3101(d)(2); Fed. R. Civ. P. 26(b)(3)(a)(ii).

activities or knowledge") (citation and internal quotation marks omitted). At no time in the six years since the exchange of initial disclosures did the County Defendants amend to identify the ADA Witnesses.

The inability to obtain any written discovery from the ADA Witnesses, or depose them about their anticipated testimony, constitutes significant prejudice to Plaintiffs that cannot be adequately remedied at this late stage of the litigation. Plaintiffs therefore respectfully request that the Court preclude the ADA Witnesses' testimony. *See Kullman*, 2009 WL 1562840, at *9 (precluding testimony, holding that defendant's inability to depose witness constituted "direct and irremediable prejudice").[6]

### iii. Continuance Is Not a Desirable Solution

Regardless of whether the Court's calendar could accommodate a postponement of trial, a continuance is not desirable. This case has been pending for over seven years. The Latino residents of Suffolk County deserve a final resolution of the issues in this case. Every day this case continues is another day that Latino individuals in Suffolk County are subjected to biased and discriminatory policing. Plaintiffs respectfully request that the Court not continue this matter any further. *See Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254, 266 (S.D.N.Y. 2016) ("To reopen discovery now . . . would constitute an unwarranted delay and weighs in favor of preclusion.").

## II. County Defendants Should Be Precluded from Offering Testimony of Unidentified Witnesses at Trial

---

[6] *See also, e.g., Pal v. New York Univ.*, No. 06-CV-5892 PAC, 2008 WL 2627614, at *5 (S.D.N.Y. June 30, 2008) (precluding testimony, finding prejudice to exist where, "among other things, discovery would have to be reopened so that [movant] could seek [documents from the newly disclosed witnesses] and depose them"); *Emmpresa Cubana del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 160 (S.D.N.Y. 2003) (precluding testimony where "the bare minimum of discovery required by fairness would at the very least severely hamper trial preparation and likely could not be completed in the two months before the trial is set to begin").

For the reasons described in Sections I.A. and I.B. above, and for the following additional reasons, County Defendants should be precluded from offering testimony of any witness not identified by name in the Proposed Joint Pre-Trial Order.

This Court's Individual Motion Practices and Rules requires that the joint pre-trial order "shall include . . . ***[a] list of the names and addresses of all witnesses***, including expert witnesses and possible witnesses who will be called only for impeachment or rebuttal purposes and so designated, together with a brief statement of the expected testimony of each witness. ***Only listed witnesses will be permitted to testify except where prompt notice has been given and good cause shown.***" *Id.* § V.A.8. (emphasis added). This Court specifically prohibits County Defendants from calling witnesses not listed by name and address in the Proposed Joint Pre-Trial Order.

The County Defendants seek to "offer any other individual identified in police paperwork, previously furnished during discovery" and "reserve their right to use such additional and unidentified witnesses for impeachment purposes and/or as may be warranted in response to the plaintiffs' direct case as the need arises." (ECF No. 347 at 27.) Plaintiffs have no idea who—among the multitude of individuals identified in the mountains of police paperwork produced in this case—the County Defendants are referring to. Trial is scheduled to commence on August 15, 2022. The prejudice to Plaintiffs due to the continued non-disclosure is increasing with each passing day. *See Flannigan v. Vulcan Power Grp., LLC*, 642 F. App'x 46, 50 (2d Cir. 2016) (affirming preclusion of witness where defendants "failed to disclose . . . [the] witness until the eve of trial, ignoring a discovery request for identification of witnesses, and [where the plaintiff] had no opportunity to depose him"); *Paulus*, 315 F.R.D. at 15-16 (precluding inclusion of belatedly disclosed expert witness where disclosure was made "at the eve of trial," which was set to commence two months after the party moved to disclose the witness). Plaintiffs therefore

respectfully request that the Court preclude testimony from any witnesses the County Defendants may call at trial that have not yet been disclosed.

**III.     In the Alternative, Plaintiffs Should Be Given the Opportunity to Immediately Depose These Witnesses and County Defendants Should Pay for Plaintiffs' Fees and Expenses**

If the Court does permit the ADA Witnesses or any currently unidentified witnesses to testify at trial, the Court should require the County Defendants to immediately disclose any unidentified witnesses and re-open discovery for the sole purpose of allowing Plaintiffs to depose those witnesses and the ADA Witnesses. While Plaintiffs disagree that these witnesses are critical to the County Defendants' case, any ruling that these witnesses should be allowed to testify at trial must logically rest on the premise that their testimony is critical to the County Defendants' case. As noted above, "the greater the importance of a witness, the more prejudice is suffered by the [opposing party] by not having had the opportunity to depose that witness, seek documents from him or her, or question other witnesses about the witnesses' activities or knowledge." *Simon*, 2017 WL 57860, at *6; *Lebada v. N.Y.C. Dep't of Educ.*, No. 14-CV-758 LAK, 2016 WL 626059, at *6 (S.D.N.Y. Feb. 8, 2016). Reopening discovery for the limited purpose of deposing these witnesses is the only fair and reasonable alternative to precluding their testimony. *See Raymond v. Mid-Bronx Haulage Corp.*, No. 15-CV-5803 RJS, 2017 WL 1251137, at *10 (S.D.N.Y. Mar. 31, 2017) (re-opening discovery for the sole purpose of allowing plaintiffs to depose two untimely disclosed witnesses where "the testimony at issue [wa]s critically important to [d]efendants' case, and there [wa]s a clear risk of prejudice to [p]laintiffs if they were to be prevented from deposing [the untimely disclosed witnesses] before trial").

County Defendants also should bear the costs associated with these depositions, as well as this motion. Rule 37(c)(1) provides that, in addition to preclusion, the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure [to disclose]." Fed. R.

Civ. P. 37(c)(1)(A). Courts have found it entirely appropriate to award attorneys' fees and expenses incurred in similar situations. *See, e.g.*, *Triola v. Snow*, No. 01-CV-1603 DLI, 2010 WL 5335104, at *1 (E.D.N.Y. Dec. 21, 2010) ("[T]he plaintiff shall pay the expenses (*i.e.*, costs and attorney's fees) incurred by defendant in relation to the instant motion practice and deposing the five previously unidentified witnesses.").

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request that the Court issue an order precluding County Defendants from introducing testimony of Joseph Carroll and Melisa Bliss and any unidentified witnesses. In the alternative, Plaintiffs request that the Court order the ADA Witnesses to promptly disclose any unidentified witnesses and give Plaintiffs the opportunity to depose those witnesses and the ADA Witnesses before trial.

Dated: May 27, 2022
      New York, New York

           /s/ Jose Perez
Jose Perez
Jackson Chin
Ghita Schwarz
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 219-3360
jperez@latinojustice.org
jchin@latinojustice.org
gschwarz@latinojustice.org

/s/ Atara Miller
Scott A. Edelman
Atara Miller
Katherine K. Fell
Bradley J. Hershon (*Attorney Admission Pending*)
Elvira Razzano
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
(212) 530-5000
sedelman@milbank.com
amiller@milbank.com
kfell@milbank.com
bhershon@milbank.com
erazzano@milbank.com

*Counsel for Plaintiffs #1-21*