IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Plaintiffs #1-21, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br> v.<br><br>THE COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT; COMMISSIONER EDWARD WEBBER, individually and in his official capacity; LIEUTENANT MILAGROS SOTO, individually and in her official capacity; SCOTT GREENE, individually and in his official capacity; OFFICER BRIDGETT DORMER, individually and in her official capacity; SUPERVISORY JOHN DOE DEFENDANTS, individually and in their official capacities; JOHN DOE DEFENDANTS, individually and in their official capacities,<br><br>         Defendants. | Case No.: 2:15-cv-02431-WFK-LB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING
<u>PLAINTIFFS' PRIOR POLICE INTERACTIONS</u>**

Jose Perez
Andrew Case
Nathalia Alejandra Varela
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 219-3360
jperez@latinojustice.org
acase@latinojustice.org
nvarela@latinojustice.org

*Counsel for Plaintiffs #1-21*

Scott Edelman
Atara Miller
Katherine K. Fell
Samantha A. Lovin
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
(212) 530-5000
sedelman@milbank.com
amiller@milbank.com
kfell@milbank.com
slovin@milbank.com

May 27, 2022

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

EVIDENTIARY STANDARD .................................................................................................. 1

DOCUMENTS AT ISSUE ........................................................................................................ 3

ARGUMENT .............................................................................................................................. 4

I.     THE DOCUMENTS ARE NOT RELEVANT ................................................................. 4

II.    THE EVIDENCE IS PREJUDICIAL ............................................................................. 7

      A.     The Evidence of Alleged Criminal Conduct is Prejudicial .................................... 7

      B.     The Domestic Incident Reports are Prejudicial ........................................................ 9

CONCLUSION ........................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Daniels v. Loizzo*,
   986 F. Supp. 245 (S.D.N.Y. 1997) ...................................................................................8

*Davis v. Velez*,
   15 F. Supp. 3d 234 (E.D.N.Y. 2014) (Weinstein, J.), *aff'd,* 797 F.3d 192 (2d
   Cir. 2015) ..........................................................................................................................7

*Edwards v. City of New York*,
   No. 08-2199 (TLM), 2011 WL 2748665 (E.D.N.Y. July 13, 2011)...................................7

*Gierlinger v. Gleason*,
   160 F.3d 858 (2d Cir. 1998)................................................................................................5

*Heath v. Cast*,
   813 F.2d 254 (9th Cir. 1987), *cert. denied*, 484 U.S. 849 (1987)..............................6

*Jean-Laurent v. Hennessy*,
   840 F. Supp. 2d 529 (E.D.N.Y. 2011) ................................................................................4

*Luce v. United States*,
   469 U.S. 38 (1984)..............................................................................................................1

*Michelson v. United States*,
   335 U.S. 469 (1948)............................................................................................................7

*NV Petrus SA v. LPG Trading Corp.*,
   14-cv-3138 (NGG)(PK), 2017 WL 1905820 (E.D.N.Y. May 8, 2017).....................3

*Palmieri v. Defaria*,
   88 F.3d 136 (2d Cir. 1996)..................................................................................................1

*Planned Parenthood of Cent. New Jersey v. Verniero*,
   41 F. Supp. 2d 478 (D.N.J. 1998) ......................................................................................5

*Ross v. Guy*,
   No. 18-cv-1340 (WFK)(PK), 2022 WL 768196 (E.D.N.Y. Mar. 14, 2022) ..............3, 7, 8

*United States v. Dorrell*,
   758 F.2d 427 (9th Cir. 1985) .............................................................................................5

*United States v. Fama*,
   No. 12-cr-186 (WFK), 2012 WL 6094135 (E.D.N.Y. Dec. 7, 2012) .......................9

*United States v. Paredes,*
   176 F. Supp. 2d 179 (S.D.N.Y. 2001).................................................................................4

*Zubulake v. USBWarburg LLC*,
    382 F. Supp. 2d 536 (S.D.N.Y. 2005)...................................................................5

**Statutes**

Fed. R. Evid. 401 ............................................................................................................2

Fed. R. Evid. 402 .........................................................................................................1, 2

Fed. R. Evid. 403 ..................................................................................................1, 2, 5, 9

Fed. R. Evid. 404 ..................................................................................................1, 2, 5, 8

Fed. R. Evid. 608(b)........................................................................................................9

**Other Authorities**

3 Martin A. Schwartz, *Section 1983 Litigation and Federal Evidence* § 14.03 (5th
    ed. 2018) ..................................................................................................................1

1 *McCormick on Evidence* § 190 (8th Ed. 2020)..........................................................2

1 Wigmore, *Evidence* § 2 (Tillers rev. ed. 1983).......................................................4, 5

Plaintiffs #1-21 ("<u>Plaintiffs</u>") respectfully submit this memorandum of law in support of their motion *in limine* to exclude documents concerning alleged criminal conduct unrelated to this case, contained in County Defendants'[1] Proposed Exhibit QQ and Exhibit RR, and to exclude testimony regarding the alleged prior bad acts referenced in these documents for all but a limited purpose, pursuant to Federal Rules of Evidence 401, 402, 403, and 404.

**PRELIMINARY STATEMENT**

The County Defendants have proposed introducing as exhibits a number of documents—including decades-old misdemeanor arrests and reports of arguments—that appear to serve no purpose other than character malignment. These documents do not speak to whether the Suffolk County Police Department ("<u>SCPD</u>") racially profiled Latino drivers and pedestrians. They do not speak to any of the individual stops at issue in this case. And even if they were relevant (they are not), they would nevertheless be subject to exclusion based on their prejudicial nature. These documents, and to a limited extent testimony regarding the events they record, should be excluded.

**EVIDENTIARY STANDARD**

A motion *in limine* seeks "to exclude anticipated prejudicial evidence before the evidence is actually offered." *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). This funneling device shields the jury from inadmissible evidence, reduces distractions at trial, and sharpens the focus of the parties and court towards the key issues at trial. *See* 3 Martin A. Schwartz, *Section 1983 Litigation and Federal Evidence* § 14.03 (5th ed. 2018).

---

[1] County Defendants are: Suffolk County, Suffolk County Police Department, Commissioner Edward Webber, and Inspector Milagros Soto.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. To be relevant, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence" and the fact must be "of consequence in determining the action." Fed. R. Evid. 401. Even if the evidence has some probative value, Rule 403 grants a district court discretion to exclude even relevant evidence on the grounds of prejudice, confusion, or waste of time. Fed. R. Evid. 403. Thus, to be admissible, evidence must be both (1) relevant and (2) not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See* Fed. R. Evid. 402 and 403.

Furthermore, Rule 404(b) mandates that "[e]vidence of any crime, wrong, or [other] act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Rule 404(b)'s reference to "may be admissible" makes clear that the fact that other act evidence is not introduced to prove character, but to prove some fact pertinent to the case at hand, does not mean that the evidence is automatically admissible. Whether other act evidence is admissible for non-character purposes depends upon the application of Rule 403. *See* Fed. R. Evid. 404(b) advisory committee's note; 1 *McCormick on Evidence* § 190, at 810-11 (8th Ed. 2020)

# DOCUMENTS AT ISSUE

County Defendants' proposed Exhibits QQ and RR are large PDFs of over two hundred separate police reports that County Defendants produced as two omnibus exhibits.[2] The prejudicial documents are twelve documents scattered throughout the two exhibits, which are excerpted and submitted with this motion. These twelve documents are:

- Warrants dated November 10, 2015, associated with Plaintiff #1. Ex. A[3] (D-19582-3).

- A domestic incident report, dated August 28, 2013, associated with Plaintiff #1. Ex. B (D-19584).

- Documents associated with the December 13, 2003 DWI arrest of Plaintiff #6. Ex. C (D-19645–61).

- Documents associated with the June 6, 2009 DWI arrest of Plaintiff #7. Ex. D (D-19677–88).

- Documents associated with the May 1, 1994 DWI arrest of Plaintiff #9. Ex. E (D-19797-807).

- Documents associated with the June 4, 1994 DWI arrest of Plaintiff #9. Ex. F (D-19808-18).

- Documents associated with the February 22, 1998 DWI arrest of Plaintiff #9. Ex. G (D-19781-96).

- Documents associated with the March 7, 1998 arrest of Plaintiff #9 for Criminal Mischief and Burglary in the Second Degree. Ex. H (D-19758-19773).

- Domestic incident reports dated September 1, 2014 and October 25, 2015 associated with Plaintiff #10 and Plaintiff #11. Ex. I (D-19834-36 and D-19852-54).

---

[2] The manner of production and designation of these documents is part of a larger pattern of obfuscation, shoddiness, and poor compliance with the discovery rules by the County Defendants. *See, e.g.*, Disc. Order 1, ECF No. 196 ("The parties have made progress, but the County Defendants need to kick into high gear to comply with their discovery obligations.") (Bloom, J.). Plaintiffs have no way to determine whether the County Defendants intend to rely on all of the documents in these exhibits or just certain ones. To that end, Plaintiffs respectfully ask the Court to remind the County Defendants "that each exhibit should consist of only one document." *See NV Petrus SA v. LPG Trading Corp.*, 14-cv-3138 (NGG)(PK), 2017 WL 1905820, at *3 (E.D.N.Y. May 8, 2017).

[3] Unless otherwise indicated, citations to "Ex. __" refer to exhibits to the Declaration of Andrew Case, filed contemporaneously herewith.

3

- Documents associated with the May 23, 2009 arrest of Plaintiff #11 for Petit Larceny. Ex. J (D-19856-74).
- Domestic incident reports dated December 1, 2015 and December 5, 2015 associated with Plaintiff #17. Ex. K (D-19914-17).
- Documents associated with the September 27, 2012 DWI arrest of Plaintiff #17. Ex. L (D-19918-19 and D19922-23).

For the reasons discussed below, these documents and the factual circumstances surrounding them should be excluded, except that the fact of Plaintiffs' prior arrests and the duration of their incarceration should be admissible for the purpose of considering damages for emotional distress only. *See Ross v. Guy*, No. 18-cv-1340 (WFK)(PK), 2022 WL 768196 at *2 (E.D.N.Y. Mar. 14, 2022) ("The Court will allow the admission of Plaintiff's past arrests *only if* it is offered to assist the jury in assessing Plaintiff's emotional damages." (emphasis added)).

Although Plaintiffs are only moving to exclude the twelve documents within Exhibits QQ and RR referenced above, Plaintiffs do not waive any objections to any of the other documents contained in these exhibits. Most of these documents are irrelevant, some are prejudicial, and nearly all would need extensive redaction to comply with the protective order in this case. But mindful that a motion *in limine* should be reserved for instances "when the evidence is clearly inadmissible on all potential grounds," Plaintiffs move only on the documents set forth above and reserve their objections on the remaining pages for trial. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (quoting *United States v. Paredes,* 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001)).

**ARGUMENT**

**I. THE DOCUMENTS ARE NOT RELEVANT**

Allegations of unrelated prior criminal conduct by Plaintiffs are neither material nor probative of any fact relevant to the jury's inquiry. Plaintiffs allege that the SCPD has racially

4

profiled Latino and Latina motorists and pedestrians since 2012. Yet seven of the documents (Ex. C (D-19645-61), Ex. D (D-19677-88), Ex. E (D-19797-807), Ex. F (D-19808-18), Ex. G (D-19781-96), Ex. H (D-19758-19773), and Ex. J (D-19856-74)) relate to incidents before 2012. The other five are a collection of criminal arrest paperwork and non-criminal domestic incident reports (*e.g.*, documenting an argument overheard by neighbors (Ex. I (D-19834-36)) or officers assisting with the removal of personal property from an ex-boyfriend's home (Ex. K (D-19914-17))). Neither set will aid in the jury's disposition of this case.

There are two components to relevant evidence: materiality and probative value. *See* 1 Wigmore, *Evidence* § 2, at 18 (Tillers rev. ed. 1983). Materiality captures the fit between the evidence and the case. *Id.* If the evidence is offered to help prove a proposition that is not a matter at issue, the evidence is immaterial. *See, e.g.*, *Planned Parenthood of Cent. New Jersey v. Verniero*, 41 F. Supp. 2d 478 (D.N.J. 1998) (ruling expert testimony as to a fetus's capacity to sense pain is immaterial in an action to enjoin the enforcement of a statute prohibiting "partial-birth abortions" as void for vagueness); *U.S. v. Dorrell*, 758 F.2d 427 (9th Cir. 1985) (finding that the defendant could not introduce prior statements showing that he "wished to pound the missile into scrap metal . . . to make an instrument of peace [as a result of] his concern about nuclear war and world starvation" in a prosecution for knowingly entering a military base for an unlawful purpose). Similarly, the documents in question here do not relate to whether the county acted under the color of law to deny the Fourth, Fifth, and Fourteenth Amendment rights of the Plaintiffs and the class they represent.

Nor are the records probative. Probative value captures the evidence's tendency to establish the proposition that it is offered to prove. *See* 1 Wigmore, *Evidence* § 2, at 18 (Tillers rev. ed. 1983). Remote or speculative evidence which lacks the "logical relevance" to the

allegations at hand can and should be excluded. *See, e.g.*, *Gierlinger v. Gleason,* 160 F.3d 858, 870-71 (2d Cir. 1998) (holding that the district court did not abuse its Rule 403 discretion in refusing to allow the defendant to ask a supervisory official a hypothetical question whether, based on information in plaintiff's personnel file, he would have recommended that the plaintiff not be retained); *Zubulake v. USB-Warburg LLC*, 382 F. Supp. 2d 536, 539-43 (S.D.N.Y. 2005) (holding that defendant was not permitted to introduce evidence of plaintiff's poor work history at prior job because such evidence would be improper character evidence under Rule 404(a) and, in an employment discrimination case, plaintiff's character is not an essential element of claim or defense; the evidence was not habit evidence because the alleged insubordination at her prior job resulted from many factors rather than a response to a specific set of circumstances).

Similarly, here, the non-DWI arrests and domestic indictments bear no relation to facts or issues in this case. The existence of such records do not make it more or less likely that the County Defendants continually violated the Constitutional rights of the Plaintiffs and class they represent.

While the DWI arrests relate to driving, and Plaintiffs bring claims against the County Defendants related to traffic stops, these particular records are of little to no probative value and only loosely relate to the issues in this case in that they both involve vehicles. First, an arrest or warrant is a mere charge or accusation and, by itself, is not probative of wrongful behavior. *See Heath v. Cast*, 813 F.2d 254 (9th Cir. 1987), *cert. denied*, 484 U.S. 849 (1987). Moreover, all but one of the DWI arrest records are from prior to the relevant time period in this litigation (and half are from the last millennium), and the most recent DWI arrest is from September 2012, which was nearly a decade ago.

## II. THE EVIDENCE IS PREJUDICIAL

### A. The Evidence of Alleged Criminal Conduct is Prejudicial

While "a brick is not a wall" and a piece of evidence merely has to be one brick establishing a particular fact, the bricks offered by the County Defendants could only build a wall of prejudice. Nine of the twelve challenged documents that relate to alleged criminal conduct—six DWI arrests, Plaintiff #9's 1998 arrest for burglary in the second degree and criminal mischief, Plaintiff #11's 2009 arrest for Petit Larceny, and warrants issued against Plaintiff #1 in 2015—have a prejudicial impact that outweighs any possible probative value.

Evidence of contact with the criminal justice system unrelated to the case at issue has long been excluded based on the "practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice." *Michelson v. United States*, 335 U.S. 469, 476 (1948). Indeed, evidence of a prior, unrelated arrest is almost prototypically prejudicial, and carries "a grave risk of unfair prejudice, confusing the issues, and misleading the jury." *Davis v. Velez*, 15 F. Supp. 3d 234, 252 (E.D.N.Y. 2014) (Weinstein, J.), *aff'd*, 797 F.3d 192 (2d Cir. 2015). Thus, exclusion of prior arrests can be particularly appropriate "given the age of the arrests and the nature of the underlying conduct." *Ross v. Guy*, No. 18-cv-1340 (WFK) (PK), 2022 WL 768196, at *2 (E.D.N.Y. Mar. 14, 2022). Moreover, while testimony regarding the facts that certain Plaintiffs had previously been arrested may be admissible for the purpose of determining emotional distress damages, Plaintiffs seek an order excluding testimony regarding the circumstances of those arrests or the reasons for them. *See Edwards v. City of New York*, No. 08-2199 (TLM), 2011 WL 2748665, at *4 (E.D.N.Y. July 13, 2011) ("Defense counsel may be able to present evidence that plaintiff has been arrested and incarcerated before based on plaintiff's testimony during his case-in-chief, but may not in any event inquire as to the nature of the arrests and may only ask about the date and duration of incarceration[;] the Court will instruct the jury

7

that such evidence may be used only for the purpose of determining damages for emotional distress.")

Here, one arrest is from 1998, for allegedly stealing a check and throwing bottles at a window, and another is from 2009, for allegedly shoplifting $50 of underwear from a K-mart. Even the warrants for Plaintiff #1 are now seven years old . Ex. A (D-19582-83). And while the nature of the underlying conduct of a DWI is more severe than shoplifting, the DWI arrests are among the oldest documents being challenged (the arrests associated with Ex. E (D-19797-807) and Ex. F (D-19808-18) took place in 1994, while the arrest associated with Ex. G (D-19781-96) took place in 1998). Given that the allegations challenge SCPD's long-standing and ongoing policy, pattern, and practice of subjecting Latino motorists and pedestrians to unequal and unjustified stops, frisks, searches, arrests, and deprivations of property based on their race and/or national origin, the purported evidence serves no purpose other than to encourage the jury to draw the impermissible inference based on perceived character. In addition, the records may well suggest to the jury that some named Plaintiffs are "bad" people undeserving of their Constitutional rights. Accordingly, the County Defendants would only seek to introduce these convictions to use them in a manner which is explicitly prohibited under 404(b). *See Daniels v. Loizzo*, 986 F. Supp. 245, 248 (S.D.N.Y. 1997) ("The proffer of such [prior act] evidence amounts to nothing more than a veiled attempt to do what Rule 404(b) prohibits – introduce bad acts evidence to show a propensity to commit such acts.").

The arrest paperwork should be excluded and testimony regarding those arrests should be limited to their "existence and timing." *Ross* at *2. Plaintiffs request that when testimony regarding the existence and timing of those arrests is elicited, the Court "provide a limiting

instruction to the jury that evidence of [Plaintiffs'] arrests [are] only admissible for the determination of damages." *Ross* at *2.

### B. The Domestic Incident Reports are Prejudicial

The domestic incident reports are similarly prejudicial. While a careful reading of the reports indicates that no Plaintiff was arrested, presenting these documents to a jury would raise a serious risk of prejudice. The incidents themselves are not criminal: two involve entirely verbal disputes between Plaintiff #10 and Plaintiff #11. Ex. I (D-19834-36 and D-19852-54). Two more involve Plaintiff #17's breakup—first a "verbal argument," Ex. D (D-19914-17) at 19916-17, and then assistance from an officer with removing belongings. *Id.* at D-19914. The most serious allegation in one of the domestic incident reports is that Plaintiff #1 pulled another person's hair when they "got in an argument about money," an allegation that Plaintiff #1 disputed at the time. Ex. B (D-19584).

Like the arrest records, these documents pose a serious risk of misleading the jury into thinking that the Plaintiffs were charged with domestic abuse or to otherwise impugn their character. And since "[a]lleged prior acts of domestic violence are not probative of truthfulness," even if these disputes were categorized as domestic violence they would be excluded. *United States v. Fama*, No. 12-cr-186 (WFK), 2012 WL 6094135, at *2 (E.D.N.Y. Dec. 7, 2012) (excluding evidence of prior acts of domestic violence under Rule 403 and Rule 608(b) in a trial for bank robbery). The domestic incident reports should be excluded.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order excluding the introduction of the twelve documents identified above within Exhibit QQ and Exhibit RR, by limiting any testimony of prior criminal history to the existence and timing of a

prior incarceration, and by issuing a limiting instruction should such evidence be introduced that it is to be considered for damages purposes only.

Dated: May 27, 2022
      New York, New York

By:   <u>/s/ Andrew Case</u>
      Jose Perez
      Andrew Case
      Nathalia Alejandra Varela
      LATINOJUSTICE PRLDEF
      475 Riverside Drive, Suite 1901
      New York, NY 10115
      (212) 219-3360
      jperez@latinojustice.org
      acase@latinojustice.org
      nvarela@latinojustice.org

<u>/s/ Atara Miller</u>
Scott Edelman
Atara Miller
Katherine K. Fell
Samantha A. Lovin
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
(212) 530-5000
sedelman@milbank.com
amiller@milbank.com
kfell@milbank.com
slovin@milbank.com

*Counsel for Plaintiffs #1-21*