IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Plaintiffs #1-21, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>THE COUNTY OF SUFFOLK; SUFFOLK COUNTY POLICE DEPARTMENT; EDWARD WEBBER, individually and in his official capacity; MILAGROS SOTO, individually and in her official capacity; SCOTT GREENE, individually and in his official capacity; BRIDGETT DORMER, individually and in her official capacity; SUPERVISORY JOHN DOE DEFENDANTS, individually and in their official capacities; and JOHN DOE DEFENDANTS, individually and in their official capacities,<br><br>        Defendants. | Case No.: 2:15-cv-02431-WFK-LB |

**DECLARATION OF ATARA MILLER, ESQ. IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND APPROVAL OF NOTICE TO THE CLASS OF CLASS ACTION SETTLEMENT**

I, Atara Miller, Esq., hereby declare and state as follows:

   1.  I am a partner with the law firm Milbank LLP, counsel for Plaintiffs #1-20, individually and on behalf of all others similarly situated (collectively, "Class Representative Plaintiffs"). I am a member of the bar of the State of New York and am admitted to practice in the Eastern District of New York. I make this declaration in support of the Parties' Joint Motion for Preliminary Approval of Class Action Settlement and Approval of Notice to Class. I have personal

knowledge of the matters set forth herein, and if called as a witness, could and would testify competently thereto.[1]

2. Attached hereto as Exhibit A is a true and correct copy of the Parties' Class Action Settlement Agreement dated March 6, 2023, together with the following appendices thereto:

- Class Action Settlement Agreement Schedule 1: Implementation Timeline
- Class Action Settlement Agreement Schedule 2: Body-Worn Camera Policy 422
- Class Action Settlement Agreement Schedule 3: Body-Worn Camera Procedure 422
- Class Action Settlement Agreement Appendix I: Notice of Proposed Class Action Settlement
- Class Action Settlement Agreement Appendix II: Notice of Final Class Action Settlement
- Class Action Settlement Agreement Appendix III: Proposed Order Granting Motion for Preliminary Approval of Class Action Settlement Agreement
- Class Action Settlement Agreement Appendix IV: Proposed Final Order Approving Class Action Settlement and Judgment Dismissing Class Claims Against County Defendants with Prejudice

3. The Class Action Settlement Agreement is the product of extensive arm's length negotiations between the parties. Following approximately one year of informal settlement

---

[1] All capitalized terms not defined herein are defined in the Memorandum of Law in Support of Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Approval of Notice to the Class.

discussions between the Parties that ultimately did not result in meaningful progress toward settlement, the Parties accepted the Court's suggestion in March 2022 to make a final effort at resolving the dispute through EDNY's Trial Ready Rapid Mediation Pilot Program. The Court entered an order referring the matter to mediation on March 24, 2022. ECF No. 342. On April 22, 2022, the Parties notified the Court that they had selected Anthony DiCaprio, Esq., an experienced mediator, to conduct the mediation.

4. Between May 2022 and July 2022, the Parties engaged in no fewer than 14 formal mediation sessions with Mr. DiCaprio, exchanged draft term sheets, and engaged in dozens of informal negotiations via emails and video conferences. Class Counsel estimates that the Parties spent over 100 hours engaged in active settlement negotiations. The vast majority of the hours spent in mediation focused on the substantive injunctive relief terms embodied in the Class Action Settlement Agreement. The negotiations addressed every area of alleged unlawful behavior in the Amended Complaint.

5. The mediation sessions between the Parties were based on an extensive and well-developed record. Over the course of more than three years of discovery, *see* ECF Nos. 49, 212[2], the Parties exchanged documents, conducted over twenty-five depositions, held numerous meet-and-confers, and participated in several discovery conferences. The parties briefed numerous discovery motions, a motion for class certification, and a motion for summary judgment. At the time of settlement, the Parties were on the verge of trial, having submitted several final pre-trial submissions.

6. The Parties reached a settlement in principle on July 25, 2022, and informed the Court of the same at the final pre-trial conference on July 26, 2022. Thereafter, the Parties worked

---

[2] In an Order dated October 18, 2019, Judge Bloom declared fact discovery in the case closed, but ordered certain additional discovery matters to be completed in the near term following close of discovery. ECF No. 212.

diligently over the next seven months to memorialize their term sheet in a long-form agreement, the result of which is the Class Action Settlement Agreement attached to this declaration as Exhibit A. Negotiating and finalizing the long-form agreement required dozens of additional meetings and the exchange of dozens of drafts.

7. Prior to mediation, Milbank attorneys billed over 17,500 hours to this case. Although fees in this case are not governed by the federal Equal Access to Justice Act (EAJA), at a very conservative, using an inflation-adjusted 2022 EAJA rate for New York City of $228.10/hour as a functional "lodestar" rate, these hours imply an award in excess of $4 million.[3] At ordinary market rates for Milbank attorneys, these hours imply an award well in excess of $10 million. Milbank also incurred hundreds of thousands of dollars in costs and expenses, including expert witness, electronic research, word processing, deposition, and travel fees, as well as other recoverable costs and expenses.

8. As reflected in the Declaration of Andrew C. Case, also submitted with this Motion, Milbank's co-Class Counsel, LatinoJustice PRLEDF, states that attorneys at LatinoJustice billed nearly 8,600 hours to this case, for a conservative EAJA-implied total of nearly $2 million. At ordinary market rates for LatinoJustice attorneys, the Case Declaration states that these hours imply an award in excess of $4 million. The Case Declaration further states that LatinoJustice incurred tens of thousands of dollars in costs and expenses.

---

[3] $228.10/hour is the average EAJA rate in New York City in 2022, according to Empire Justice Center. *See* https://empirejustice.org/wp-content/uploads/2022/10/Federal-EAJA-Hourly-Rates-03-96-07-22.pdf. This is lower than courts in this district have applied, in particular for partners. *D'Annunzio v. Ayken, Inc.*, No. 11-CV-3303 (WFK) (WDW), 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10, 2015) (Kuntz, J., accepting the report and recommendation of Locke, J., noting that as of 2015 that "[c]ourts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals."). In this matter, a significant number of hours were expended by Milbank partners, including Scott Edelman, Litigation Partner and Chairman of the Firm, and Atara Miller and Katherine Kelly Fell, Litigation Partners with the Firm, as well as by many other highly qualified and experienced associates with 5-10+ years of practice experience.

9. Together, the attorneys' fees incurred by Class Counsel are nearly $6 million with reference to a conservative EAJA "lodestar," and in excess of $15 million at ordinary market rates. The combined costs and expenses incurred by Milbank and LatinoJustice, as stated in the Case Declaration, were nearly $1 million. It was with reference to these numbers—a combined total of "lodestar" fees and costs of approximately $7 million and market-implied fees and costs of over $16 million—that the Parties negotiated the proposed fee award in the Class Action Settlement Agreement of $2.25 million, inclusive of all fees, costs, and expenses.

10. Further, Milbank's estimated total of 17,500 hours is limited to attorney time and does not include time billed by Milbank staff, for which fees would be recoverable under law.

11. The proposed award in the Class Action Settlement Agreement of $2.25 million is approximately 14% of the market-rate implied total for attorneys' fees, costs and expenses incurred by Class Counsel, and approximately 32% of the conservative, EAJA "lodestar" total for attorneys' fees, costs and expenses incurred by Class Counsel. If Class Counsel included non-attorney hours in the denominator, these percentage recoveries would be meaningfully lower.

12. The proposed award for attorneys' fees was negotiated through the formal mediation process. The attorneys' fees were the last item negotiated by the Parties and were not discussed until the Parties had a settlement in principle on all substantive relief points. There were no changes to the substantive relief in the Class Action Settlement Agreement as a result of the negotiation over attorneys' fees.

13. During the mediation with Mr. DiCaprio, the Parties also negotiated an agreement to resolve the Named Plaintiffs' individual claims for damages. This settlement was negotiated separately from the Class Action Settlement Agreement, during a distinct phase of mediation. The Parties did not condition the presence or absence of any substantive term in the Class Action

Settlement Agreement on resolution of the Named Plaintiffs' individual claims for damages. The Parties did agree, however, to a global resolution of the Class and Named Plaintiffs' individual claims against the County Defendants. Thus, the Individual Settlement Agreement will not become effective and binding on the Parties unless or until this Court enters final approval of the Class Action Settlement Agreement. There is otherwise no connection between the two agreements: the Individual Settlement Agreement is between the County Defendants and the Named Plaintiffs expressly in their non-Class Representative capacity; there is no overlap in the claims released between the two agreements; and the relief contained in the Individual Settlement Agreement is based on an assessment of injury to the Named Plaintiffs that is individualized and does not overlap in any way with the relief in the Class Action Settlement Agreement.

14. Upon final approval of the Class Action Settlement, the Parties intend to submit the Individual Settlement Agreement to the Court for consideration and approval of the dismissal of the individual claims asserted against the County Defendants.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in New York, New York on March 6, 2023.

></br>
></br>*/s/ Atara Miller, Esq.*
ATARA MILLER, ESQ.