UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLAINTIFFS #1-21, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>COUNTY OF SUFFOLK; SUFFOLK COUNTY POLICE DEPARTMENT; EDWARD WEBBER, individually and in his official capacity; MILAGROS SOTO, individually and in her official capacity; SCOTT GREENE, individually and in his official capacity; SUPERVISORY JOHN DOE COUNTY DEFENDANTS, individually and in their official capacities; and JOHN DOE COUNTY DEFENDANTS, individually and in their official capacities,<br><br>   Defendants. | Case No.: 2:15-cv-02431-WFK-LB |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION

Jose Perez
Andrew Case
Norma Esquivel
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 219-3360
jperez@latinojustice.org
acase@latinojustice.org
nesquivel@latinojustice.org

Atara Miller
Katherine Kelly Fell
Samantha Lovin
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
(212) 530-5000
amiller@milbank.com
kfell@milbank.com
slovin@milbank.com

*Counsel for Plaintiffs #1-21*
April 11, 2023

On March 28, 2023, after preliminarily approving the class settlement agreement jointly filed by Plaintiffs and the County of Suffolk, the Suffolk County Police Department, Edward Webber, and Milagros Soto (the "County Defendants"), the Court entered an order dismissing as moot Plaintiffs' motion seeking judgment on the pleadings with respect to the counterclaims asserted against Plaintiffs by Defendant Scott Greene, who is not one of the County Defendants (the "Order"). (ECF No. 436.) Plaintiffs believe that Order was entered in error as Defendant Greene is not a party to the settlement agreement and has not agreed to release any alleged claims against Plaintiffs. Plaintiffs thus respectfully request that the Court reconsider and withdraw the Order and reinstate Plaintiffs' Motion for Judgment on the Pleadings.

## **PROCEDURAL BACKGROUND**

Defendant Greene is a defendant in this action. He has not been represented by the County attorneys and instead has appeared *pro se*. On May 29, 2019, Defendant Greene filed counterclaims against Plaintiffs alleging defamation based on the allegations in the Amended Complaint. (ECF No. 176.)

On June 1, 2022, Plaintiffs filed a Motion for Judgment on the Pleadings with respect to Defendant Greene's counterclaims, because the allegations in the Amended Complaint are absolutely privileged and, as a matter of law, cannot by themselves form the basis for defamation liability, and because Defendant Greene failed to state a claim upon which relief can be granted. (ECF No. 372.)

On July 26, 2022, Plaintiffs and the County Defendants advised the Court that they reached a settlement in principle of both the class claims and the individual claims. Defendant Greene was not part of the negotiated settlement.

On March 6, 2023, after months of additional negotiations, Plaintiffs and the County

Defendants jointly filed a motion seeking preliminary approval of the class settlement. Defendant Greene is not a party to the class settlement agreement (or any other settlement) and did not join the motion. (*See* ECF No. 431 (explaining that "[t]he Release applies solely to County Defendants and does not apply to Defendant Scott Greene.").)

On March 28, 2023, the Court entered an order preliminarily approving the proposed class action settlement. (ECF No. 436.)

Thereafter, also on March 28, 2023, the Court entered the Order dismissing as moot Plaintiffs' Motion for Judgment on the Pleadings. (*See* 3/28/2023 Minute Entry.)

## **ARGUMENT**

A motion for reconsideration is appropriate when needed to "correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992). The settlement agreement that prompted entry of the Order dismissing Defendant Greene's counterclaims was entered between Plaintiffs #1-21, on behalf of themselves, and others similarly situated, and the County Defendants. (*See* ECF No. 432-1, at *2-4.) Defendant Greene is not a party to the settlement. (*Id.*) As such, the settlement agreement and the releases included therein do not, and do not purport to, bind Defendant Greene. Plaintiffs' claims against Defendant Greene and Defendant Greene's counterclaims against Plaintiffs will thus survive the settlement effective date. Plaintiffs' motion to dismiss Defendant Greene's counterclaims is therefore not mooted by the settlement agreement. Plaintiffs therefore respectfully request that the Court reconsider the Order and correct the error by reinstating Plaintiffs' Motion and deciding it on the merits.

Dated: April 11, 2023
New York, New York

By: /s/ *Jose Perez*
Jose Perez
Andrew Case
Norma Esquivel
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 219-3360
jperez@latinojustice.org
acase@latinojustice.org
nesquivel@latinojustice.org

/s/ *Atara Miller*
Atara Miller
Katherine Kelly Fell
Samantha Lovin
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
(212) 530-5000
amiller@milbank.com
kfell@milbank.com
slovin@milbank.com

*Counsel for Plaintiffs #1-21*